In the matter of the Petition of HIRAM BOWEN for a discharge
on *Habeas Corpus*.

*Second arrest on mesne process.*

1.  A second arrest may be made on *mesne* process for the same cause of *action*,
    when it is not made to vex and annoy the defendant, and the party procuring it
    acts in good faith.
2.  Thus where the defendant in an action, after his first arrest, stated to the sheriff
    that the order of arrest was defective and void on its face, and the plaintiff, hav-
    ing some doubt of its validity, directed the defendant to be discharged, and pro-
    cured a new order of arrest based upon the same affidavit, the defendant was
    not entitled to be discharged from his second arrest on the ground of his pre-
    vious arrest and discharge.
3.  Whether a warrant of arrest, otherwise regular, is void if it does not run in the
    name of the state, is not decided here.

The relator, *Hiram Bowen,* obtained from A. A. Jackson,
Esq., a court commissioner for Rock county, a writ of *habeas cor-*
*pus cum causa,* directed to the sheriff of said county and made
returnable to the Hon. L. S. Dixon, Chief Justice of this court.
The warrant on which he was first arrested in a certain action
then pending, was in the following form : " Circuit Court, Rock
county. [Title of the cause.] To the sheriff of the county of
Rock : You are ordered forthwith" &c., &c. On the first of
May he was discharged from arrest under the direction of the
plaintiff in said action ; and on the fifth of the same month
was re-arrested by a warrant in the same action and for the same
cause.   At the hearing it appeared that the petitioner and his
counsel, after the first arrest, declared that the warrant was
void, and refused to give bail for that reason.   The chief justice
held the second arrest valid, and remanded the relator to the
custody of the sheriff; and the decision was brought before the
court by *certiorari.*

*H. K. Whiton,* for relator, to the point that a second arrest
on *mesne* process in the same action is not allowable by law,
cited 1 Monell's Pr., 402 ; 2 Strange, 1209 ; 6 Term, 218 ; 7
Taunt., 192 ; 13 Price, 8 ; 21 How. Pr. R., 96 ; 3 East, 309 ;
8 Taunt., 24 ; 3 D. & R., 189 ; Broom's Leg. Max., 137 ; 14

Johns., 346, 384 ; 16 How. Pr. R., 413 ; 1 Graham's Pr. (3d ed.), 522 ; 1 Burr. Pr., 91 ; Crocker on Sheriffs, § 323. A distinction has been made between arrests on *mesne* and those on *final* process. 3 McLean, 326 ; 26 Barb., 78 ; 1 Till. & Sh. Pr., 551, 580. But it is quite clear that if a plaintiff has had the advantage of one arrest on *mesne* process, and that arrest is afterwards vacated upon his own motion, or otherwise, he cannot have a second arrest, unless it has been made to appear affirmatively by him that without any neglect or default on his part, he has not had the full advantage of an actual arrest.

*E. Wakeley, contra.* [No brief on file.]

DOWNER, J. The petitioner asks to be discharged from arrest because, after having been once arrested and voluntarily discharged by order of the plaintiff in the action, he was arrested a second time in the same action for the same cause on a second order or warrant of arrest. It is doubtful whether there was any arrest on the first order. But without deciding whether there was or not, we prefer to place our decision upon the ground that, if there was, the second arrest was legal. The petitioner and the other defendants in the action in which the petitioner was arrested, after consultation, informed the sheriff that they came to the conclusion that the first order of arrest was defective and void on its face. The plaintiff, thinking there was some doubt about its validity, directed the petitioner to be discharged, and then procured a second writ or order based upon the same affidavit, on which the petitioner was again arrested ; and from such arrest he prays to be discharged. We think the authorities are to the effect that a second arrest on *mesne* process for the same cause of action may be made, when it is not made to vex and annoy the defendant, and the party procuring the arrest acts in good faith. *Puckford v. Maxwell*, 6 Term, 36 ; *Kearney v. King*, 1 Chit. Rep., 273 ; 18 E. C. L., 77, and authorities cited in note (a) ; *Penford v. Maxwell*, 18 E. C. L., 79 ; Tidd's Prac., vol. 1, 174 et seq.

*By the Court.*—The order appealed from is affirmed.